■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD RHEM, Appellant.— Appeal by defendant: (1) from a judgment of the Supreme Court, Kings County, rendered November 8, 1962 after a jury trial, convicting him of robbery in the first degree, grand larceny in the first degree, and assault in the second degree (three counts) and imposing sentence; and (2) from an order of said court entered October 15, 1964 upon reargument, which adhered to its original decision denying without a hearing the defendant's *coram nobis* application. Judgment affirmed. Order reversed, and *coram nobis* application remanded to the Supreme Court, Kings County, Criminal Term, for a hearing and for further proceedings not inconsistent herewith. The defendant accosted the victim in the vestibule of his apartment building, took hold of the victim's clothing and demanded money. Upon receiving the victim's empty wallet and $1.35 in coin, the defendant produced a knife and stabbed the victim in the abdomen. The defendant contends that his conviction of the crime of robbery in the first degree cannot be sustained under subdivision 1 of section 2124 of the Penal Law because he was not armed with a dangerous weapon at the time of the robbery. Subdivision 1 of section 2124 of the Penal Law is violated if a defendant possesses a dangerous weapon during the commission of a robbery. This subdivision is directed at those persons who, in the course of a robbery, possess the actual ability to inflict serious injury. It is not concerned with the apparent ability of the defendant to inflict such injury (*People* v. *Caruso*, 249 N. Y. 302, 305; *People* v. *Gordon*, 19 A D 2d 828; *People* v. *Dade*, 15 A D 2d 629; *People* v. *King*, 13 A D 2d 997). In any event, the jury could properly have found that the assault had not yet terminated when the weapon was produced (cf. *People* v. *Smith*, 232 N. Y. 239). We have considered defendant's other allegations of error and find them to be without merit. The *coram nobis* application raises facts sufficient to justify a hearing, to which the People have consented. The allegations, if true, would establish that the District Attorney used certain records of the Family Court relating to defendant as the basis for the cross-examination of the defendant, and that

such use was in violation of a stipulation between them which provided that these records would be used only with reference to a possible recommendation by the District Attorney that defendant be treated as a youthful offender. In the absence of defendant's consent, access to such records was prohibited to the prosecutor by statute (Family Ct. Act, § 784). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.