■ KALMON DOLGIN CO., INC., Appellant, v. WALNUT LANES INC., Respondent.— Order of the Appellate Term, Second Judicial Department, dated April 8, 1966, reversed, on the law and the facts, and judgment of the District Court, Nassau County, entered September 23, 1965, awarding possession of leased premises to the landlord, etc., reinstated, with costs in this court and $25 costs and disbursements in the Appellate Term to the landlord. In our opinion, considering the lease as a whole, in the light of all its constituent parts, there is ambiguity or at least imperfectly expressed obligations regarding maintenance of the fire insurance protection for the demised premises. In such a case, it is proper to admit parol evidence of the circumstances and negotiations *prior* to execution and also, if necessary, to look at the practical construction given the lease *subsequent* to execution (see *Brooklyn Public Lib.* v. *City of New York*, 250 N. Y. 495; *Tobin* v. *Union News Co.*, 18 A D 2d 243, 245). The record indicates that the present tenant and its predecessor paid fire insurance premiums on the premises for seven years without objection. This construction of the lease from the outset, especially since it continued for so many years, is entitled to great weight because it was made " by the parties themselves when under the influence of conflicting interests " (*Carthage Tissue Paper Mills* v. *Village of Carthage*, 200 N. Y. 1, 14). It shows it was the *intent* of the parties to have the *tenant* pay all such premiums. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARNOLD GELLER, Appellant.— Judgment of the Supreme Court, Kings County, rendered April 29, 1966, affirmed. The prosecutor was entitled to cross-examine appellant, for purposes of impeachment, as to a vicious or immoral act which had been the basis for a prior adjudication of appellant as a youthful offender (*People* v. *Hurst*, 13 A D 2d 821, 822, affd. 10 N Y 2d 939, 940). *People* v. *Sarra* (283 App. Div. 876, affd. 308 N. Y. 302) is not to the contrary, holding only that a prosecutor may not elicit directly testimony that the defendant was adjudged a youthful offender and may not characterize the act upon which that adjudication was based as a " crime ". The other points raised by appellant have been considered and, in our opinion, are without merit. Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.