■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVEN ALLEN KORN, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered June 25, 1970, convicting him of sale or possession of depressant and stimulant drugs, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. In our opinion the People failed to prove beyond a reasonable doubt that the consent to search the premises in question was voluntarily executed by defendant and that he knowingly and intelligently waived his constitutional rights. If the indictment were not being dismissed, a new trial would be required, since we find it was prejudicial error for the trial court to permit cross-examination of defendant as to prior criminal acts, for the purpose of impeaching his credibility, without ascertaining whether the prosecutor had a reasonable basis for his questions and was therefore acting in good faith. Two of the questions concerned a count of the indictment which had been dismissed by the court on defendant's motion, for insufficiency of evidence before the Grand Jury, and were improper since the dismissal bespeaks the absence of a reasonable basis for believing the truth of the charge (see *People* v. *Sanza*, 37 A D 2d 632, and cases there cited; *People* v. *Nasti*, 37 A D 2d 980, 981). Rabin, P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEE MINES, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated March 22, 1972, which granted defendant's motion to dismiss the indictment for failure to prosecute. Order reversed, on the law, motion denied and indictment reinstated. Defendant was indicted for assault in the second degree on October 19, 1971. The case appeared on the Ready Calendar on January 31, 1972. Between indictment and the appearance of the case on the Ready Calendar, defendant had moved to relieve assigned counsel and for an inspection of the Grand Jury minutes ancillary to a motion to dismiss the indictment. On March 6, 1972 the People requested an adjournment of the trial for two weeks, on the statement by defense counsel that the complaining witness was believed to be deceased. That adjournment was granted and defendant was released on his own recognizance. On March 20, 1972 the court dismissed the indictment when the prosecuting attorney said that he was unable to determine whether the complaining witness was alive. The appeal is from the order made upon that decision. In our opinion, the indictment was improvidently dismissed. But five months elapsed between indictment and dismissal and the prosecution had requested only one adjournment of the trial. The prosecution was entitled to a reasonable time to determine whether, as stated by the defense, the complaining witness was alive and available. Hopkins, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.