OPINION OF THE COURT
Joseph Esquirol, Jr., J.
This is a motion by the petitioner, Society for the Prevention of Cruelty to Children, for an order directing that the minutes of the within proceeding be transcribed and forwarded to the office of the District Attorney, County of Kings. The petitioner contends that, the District Attorney should have the opportunity to review the minutes for consideration of possible criminal charges for the crime of perjury. Assistant District Attorney Susan Berger submitted an affidavit in support of the motion. The attorney for the respondent, Sheila J., opposes the motion contending that proceedings in the Family Court are confidential and that all records must remain sealed.
*480 Petitions alleging child abuse were filed in the Family Court on September 29, 1978 against the respondents Allan and Sheila J. The petitions included the allegation that the respondent Allan J. "did assault the child Dolly, age 5 about the head and body causing injuries which resulted in her death on 9/28/78”.
On August 8, 1979 the court sustained the petitions as to both respondents. It has been brought to the attention of this court that the respondent Allan J. was indicted for the crime of manslaughter arising out of the acts causing the death of the infant, and that a trial on that indictment is pending in Supreme Court, Kings County.
Pursuant to section 166 of the Family Court Act, "The records of any proceeding in the family court shall not be open to indiscriminate public inspection.” (Emphasis added.) This statutory mandate does not preclude the inspection of records by an appropriate person or agency in an appropriate case, but rathér, leaves that determination to the court’s discretion.
Some guidance is provided in the New York State rules for the Family Court (22 NYCRR 2501.3) which recites that any person or agency having a legitimate purpose may, for good caúse shown and in the discretion of the court, have access to the records of the Family Court.
The primary purpose of section 166 of the Family Court Act and its progeny is to avoid public dissemination of information relating to legal disputes involving family problems. However laudable the legislative intent in protecting confidentiality in family cases, it cannot be logically argued that the intent of section 166 of the Family Court Act is to protect litigants in this court in giving perjured testimony or the making of admissions to the commission of crimes. The crux of that section (Family Ct Act, § 166) turns on the interpretation accorded to the language "indiscriminate public inspection.” Factors upon which such a determination should be made, as suggested by Douglas Besharov in the Practice Commentaries to section 166 of the Family Court Act (McKinney’s Cons Laws of NY, Book 29A — Part 1, p 104), include the person or official making the request, the purpose for which the information is needed and the possibility for improper disclosure.
In the case at bar, petitioner believes that the respondent, Sheila J., gave perjured testimony before this court, since said respondent also testified before a Grand Jury, which handed up an indictment against corespondent here, Allan J., or vice
*481 versa. The District Attorney, as noted, is proceeding with an indictment charging the respondent herein with the crime of manslaughter. The information requested, although sensitive, is being sought for limited and legitimate purposes, i.e., preparation of the case against the respondent and investigation of the petitioner’s complaint against Sheila J. and its potential impact on the pending indictment. That the respondent Allen J. would be entitled to the records herein on his request is undeniable. Indeed, statements made in the proceeding in this court may constitute material to which the defense counsel is entitled in the action pending in Supreme Court in accordance with People v Rosario (9 NY2d 286).
The court finds it inconceivable that the release of the records herein would constitute indiscriminate public inspection. Protection against undue dissemination of the minutes can be avoided through an appropriate court order and through reliance upon the integrity of the attorneys involved in the proceeding.
In an analogous case, the Supreme Court held in Matter of Hecht (90 Misc 2d 308) that a legislative committee be permitted to examine records of the Department of Probation and of proceedings in Family Court in order to fulfill its responsibility to investigate matters concerning the administration of the juvenile justice system.
Moreover, in People v Johnson (90 Misc 2d 777), the court permitted the records of a Family Court juvenile delinquency proceeding to be admitted in a criminal prosecution for the purpose of impeaching a defense witness. Although that decision involved, inter alia, an interpretation of section 783 of the Family Court Act, it should be noted parathentically that the records were produced in the first instance by a judicial subpoena duces tecum pursuant to section 166 of the Family Court Act.
The court finds that the office of the District Attorney has a legitimate purpose for seeking the minutes of the proceeding and has demonstrated good cause for their release.
Accordingly, it is ordered that the motion is hereby granted; and it is further ordered that the motion is granted upon the condition that the minutes of the proceeding remain with the office of the District Attorney, the Supreme Court or defense counsel and are not to be released to any other person or agency.