THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
KEVIN B. HUNTER, Appellant.

Second Department, August 9, 1982

### APPEARANCES OF COUNSEL

*Murray Bogatin* for appellant.

*Patrick Henry, District Attorney* (*Nicholas E. Tishler* of counsel), for respondent.

### OPINION OF THE COURT

DAMIANI, J. P.

Defendant was indicted for criminal sale of a controlled substance in the sixth degree. At his trial the People called three witnesses, the undercover officer who bought the drugs, his partner who observed the sale, and an officer who testified as to the chain of custody of the drugs between the time they were purchased and the time they were admitted into evidence at the trial. The undercover officer and his partner identified defendant as the man who had sold the drugs. The defendant called one Kathleen G. who testified, in substance, that a girl named Barbara, and not the defendant, had sold the drugs to the undercover officer.

The principal claim of error on this appeal concerns the cross-examination of Kathleen G. It is well established that a witness in a civil or criminal case, including the accused in a criminal prosecution, may be impeached by inquiry into prior acts of misconduct which tend to discredit the witness' character and show him or her to be unworthy of belief. Generally, a witness may be interrogated as to any immoral, vicious, criminal or wrongful act involving moral turpitude (see *People v Webster,* 139 NY 73, 84; *People v Sorge,* 301 NY 198; *People v Alamo,* 23 NY2d 630, cert den 396 US 879; *People v Schwartzman,* 24 NY2d 241, cert den 396 US 846; Richardson, Evidence [Prince, 10th ed], § 498; Fisch, New York Evidence [2d ed], § 455; but see Proposed Code of Evidence for State of New York, § 608, subd [b], in which a drastic limitation on this rule is proposed). Where the witness is the defendant himself, he may obtain an advance ruling prohibiting or limiting such questioning if the probative value of inquiry into specific prior acts of misconduct would be outweighed by its prejudicial effect upon the jury (*People v Sandoval,* 34 NY2d 371; Fisch, New York Evidence [2d ed], § 457). With respect to any witness, the extent to which he or she may be questioned concerning prior acts of misconduct is discretionary with the trial court but such questions must be asked in good faith and have a reasonable basis in fact (*People v Alamo, supra; People v Kass,* 25 NY2d 123).

In this case, when the prosecutor cross-examined Kathleen G. concerning prior specific acts of misconduct, the defendant's counsel sought to ascertain the basis of the prosecutor's questions. It was then revealed that the prosecutor's knowledge of the acts of misconduct in question was gleaned from an examination of police records of arrests of the witness when she was a juvenile and which had led to juvenile delinquency proceedings against her in the Family Court.

Section 166 of the Family Court Act makes Family Court records private by prohibiting indiscriminate public inspection thereof and requiring one who wishes to inspect specific papers or records on file in that court to obtain permission to do so from a Judge of the court. The purpose of that provision is to prevent public dissemination of

information relating to legal disputes involving family problems (*Matter of J. Children,* 101 Misc 2d 479, 480), and, in juvenile delinquency cases, to avoid the social stigma which might attach to a person if the facts of his juvenile misconduct were revealed (*Matter of Smith,* 63 Misc 2d 198, 203).

Section 783 of the Family Court Act sets forth a rule of evidence to the effect that neither the fact that a person was before the Family Court in juvenile delinquency or "PINS" proceedings nor any confession, admission or statement made by him to the court or any of its officers shall be admissible as evidence against him or his interest in any other court. It has been held that by reason of the similarly worded predecessor of that section (former Children's Court Act, § 45), the fact that a witness was previously adjudicated a juvenile delinquent is inadmissible to impeach his credibility (*Murphy v City of New York,* 273 App Div 492). However, it is permissible to utilize the facts and circumstances of the events underlying the juvenile delinquency charges to impeach the credibility of the witness (cf. *People v Cook,* 37 NY2d 591, 595; *People v Vidal,* 26 NY2d 249; *People v Geller,* 27 AD2d 843; *People v Warner,* 52 AD2d 684, 685).

The question in this case is what should be the rule where inquiry results in the disclosure that the good faith basis for the cross-examiner's questions concerning the facts underlying the juvenile delinquency proceedings is derived from his reading of police records which are confidential under section 784 of the Family Court Act. That section states: "Use of police records. All police records relating to the arrest and disposition of any person under this article shall be kept in files separate and apart from the arrests of adults and shall be withheld from public inspection, but such records shall be open to inspection upon good cause shown by the parent, guardian, next friend or attorney of that person upon the written order of a judge of the family court in the county in which the order was made or, if the person is subsequently convicted of a crime, of a judge of the court in which he was convicted." A prosecutor is not one of the designated persons authorized by that section to apply to the Family Court for permission

to inspect the police records (cf. *Matter of Public Serv. Mut. Ins. Co. v Nassau County Fire Marshal*, 55 Misc 2d 951).

We hold that where inquiry discloses that the basis for impeachment of a witness by interrogation concerning prior criminal, vicious, immoral or wrongful acts involving moral turpitude is the improper inspection and use of police records made confidential by section 784 of the Family Court Act, the Judge presiding at the trial should inform the witness that the source of the cross-examiner's question is privileged from disclosure and that he or she may either waive the privilege and consent to answer the questions or may refuse to waive it, in which event the jury must be instructed to disregard the questions (see *People v Rhem*, 24 AD2d 517, 518). Only the witness may claim the benefit of the privilege, and where, as here, that witness is not the defendant himself, the latter may not assert it on his or her behalf (see 8 Wigmore, Evidence [McNaughton rev], § 2196). The rule requiring that confidentiality of such records be maintained was designed to protect the reputation of the person who was the subject of the juvenile proceedings. Where the records pertain to a witness other than the defendant himself, the latter has no legitimate interest in preserving the former's reputation by concealing from the jury otherwise relevant information concerning the prior misconduct of the witness. Only the witness has an interest in preserving the secrecy of the juvenile proceedings, which he or she may consent to waive. Thus, if the witness being subjected to cross-examination on the basis of improperly disclosed police or Family Court records is not the defendant, the only remedy is for the defendant to request the court to instruct the witness that he or she is privileged to assert the confidentiality of those records, and, if the witness asserts the privilege, to require that the question be stricken. Although such an instruction was neither requested nor given in this case, it is our view that a reversal is required in the interest of justice (cf. *People v DiLuca*, 85 AD2d 439, 446).

Finally, we note that if the prosecutor had obtained his knowledge of the facts surrounding the witness' prior misconduct from sources outside the police and Family Court records, or the officials of the Family Court, questioning

concerning that misconduct would not be subject to the consent of the witness. Sections 783 and 784 of the Family Court Act are only designed to prevent damage to the reputations of persons previously subjected to juvenile delinquency or PINS proceedings by disclosure of police or court records or statements made by Family Court officials. They do not prevent cross-examination concerning prior acts of misconduct where the good faith basis of the cross-examiner's questions is information about the witness which is current in the community.

LAZER, MANGANO and BROWN, JJ., concur.

Judgment of the County Court, Suffolk County, rendered August 29, 1978, reversed, as a matter of discretion in the interest of justice, and new trial ordered.