■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN FRANCIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered June 25, 1980, convicting him of criminal possession of a weapon in the second degree, assault in the second degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, judgment affirmed.

The complaining witness testified that he was struck by a bullet which caused a "deep scratch". He went home and treated his bleeding wound with large gauze bandages before going to the police station to report the incident. Complainant did not seek any professional medical assistance. The People failed to elicit any testimony regarding whether the injury

caused any physical impairment or any pain. Having failed to elicit such testimony, the People argue that this court should hold that a bullet wound is per se a "physical injury" within the meaning of Penal Law §§ 120.05 and 10.00 (9), and that in any case the jury could have inferred that complainant suffered substantial pain.

In *People v Rojas* (61 NY2d 726), the Court of Appeals expressly rejected the People's first argument. The second argument is devoid of merit because, in the absence of any evidence that the wound did cause any pain, or was capable of causing pain, the jury would have been required to speculate in order to reach the conclusion that complainant in fact suffered pain (*cf. People v Rojas, supra*). This would then be another route to reach the conclusion rejected in *People v Rojas,* that a gunshot wound in and of itself establishes substantial pain. Accordingly, the assault conviction cannot stand.

We further note that the prosecutor's cross-examination of defense witness Merk was not improper. While Merk was never convicted of any crimes with respect to the underlying acts about which he was questioned, he was not acquitted of the charges either. Nor were the dismissals of such a nature as "bespeaks the absence of a reasonable basis for believing the truth of the charge" (*People v Korn,* 40 AD2d 561; *see also, People v Schwartzman,* 24 NY2d 241, 250, *remittitur amended* 24 NY2d 914, *cert denied* 396 US 846). Rather, the dismissals involved an "unexplained 'termination' " of the charges, which does not preclude cross-examination as to the underlying acts (*People v Vidal,* 26 NY2d 249, 253). Especially in view of the fact that the cross-examination involved a nondefendant witness (*see, People v Hunter,* 88 AD2d 321; *People v Allen,* 67 AD2d 558, 560, *affd* 50 NY2d 898), there was no error in allowing such questioning.

Defendant's remaining contentions have been considered and found to be without merit. Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.