■ CHARLES MURPHY et al., Appellants, v LONG ISLAND OYSTER FARMS, INC., et al., Respondents. (And a Third-Party Title.)—In an action, *inter alia*, for a judgment declaring the rights of the defendants under the terms of a lease, the plaintiffs appeal from a judgment of the Supreme Court,

Suffolk County (McCarthy, J.), entered April 19, 1984, which, among other things, declared that the lease grants to the defendant tenant, Long Island Oyster Farms, Inc., the right to harvest naturally grown shellfish, including clams, from the leased underwater lands, and dismissed the complaint.

Judgment affirmed, with costs.

Plaintiffs argue that the lease provision which gives Long Island Oyster Farms, Inc. the right to use the leased underwater lands for "planting, growing, and cultivating thereon and recovery therefrom oysters and other shellfish" should be construed to contain a restriction against removal of naturally grown clams, because the verbs are connected by "and" rather than "or". That is not the law. " 'And' is considered also as 'or' unless the document shows on its face that the word 'and' is to be literally construed" (*Lamborn v National Park Bank*, 212 App Div 25, 32, *affd* 240 NY 520). Nothing on the face of this document shows that a literal construction of the word "and" was intended. Plaintiffs also argue that the provision would appear ambiguous, and therefore would require the consideration of parol evidence (*Kalmon Dolgin Co. v Walnut Lanes*, 27 AD2d 843), if the operative words were read in reverse order. The only relevant inquiry in construing this lease is whether the meaning is clear and unambiguous when the words are read in the order in which they were formalized by the parties. So read, the provision does not reveal ambiguity, but rather, indicates unambiguously that the defendant Long Island Oyster Farms has the exclusive right to harvest all shellfish on the leased underwater lands indicated, whether they be naturally grown or cultivated. Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.