OPINION OF THE COURT
Irving S. Aronin, J.
Petitioner, Alonzo Moe, seeks to compel the New York City Department of Probation (hereinafter referred to as respondent) to perform its "ministerial duty” of not making available to any person sealed records, and not referring to such records in the investigation report of petitioner (CPLR art 78).[1]
On December 4, 1984, petitioner made an admission in Family Court to acts, if committed by an adult, would have constituted the crime of robbery in the third degree. Subsequently, at the dispositional hearing, petitioner was placed on probation. In December 1985, a violation of probation was filed and petitioner admitted that he violated the terms of probation. Judge Phoebe Greenbaum ordered an investigation and a report (hereinafter referred to as I & R), plus a diagnostic assessment. The matter was then adjourned to February 3, 1986. On February 3, 1986, respondent filed an updated I & R and the case was adjourned for "exploration of placement”. On March 8, 1986, a psychiatric report was filed with the Family Court.
The updated I & R contains the following language:
" 5/21/84 NYPC sealed
" 2/8/85 D# 5157/84 sealed
" 9/12/85 D#5N057758 dismissed
"11/25/85 D# 5897/85 petition withdrawn”.
The narrative portion of the I & R refers to D#5N057758 and D# 5897/85 as "robbery related charges”. The said matters were terminated in petitioner’s favor (Family Ct Act *100 § 375.1 [2]) and the records were, accordingly, sealed (Family Ct Act § 375.1 [1]; CPL 160.50 [l]).[2]
Petitioner now claims that the inclusion of this information in the I & R violates Family Court Act § 375.1 (1) and CPL 160.50 (1). Respondent denies obtaining the information from any sealed records and claims to have obtained the information from petitioner’s relatives and unsealed records.
CPL 160.50 was enacted to "protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in conviction * * * [t]his legislation is consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.” (Governor’s mem of approval, 1976 McKinney’s Session Laws of NY, at 2451.)
Family Court Act § 375.1 was patterned after CPL 160.50 and was included in the juvenile delinquency procedure code to grant juveniles benefits at least equal to adults regarding the sealing of records (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 375.1, p 591). Both sealing statutes are based on the same principles.
Although the sealing statutes are founded on the presumption of innocence, no such presumption exists in the sentencing or dispositional phase in Family Court (Williams v New York, 337 US 241). As stated in United States v Doyle (348 F2d 715, 721, cert denied 382 US 843) "To argue that the presumption of innocence is affronted by considering unproved criminal activity [at sentencing] is as implausible as taking the double jeopardy clause to bar reference to past convictions”.
Thus, a sentencing Judge may consider evidence obtained in violation of the 4th Amendment (People v Estenson, 101 AD2d 687; United States v Schipani, 435 F2d 26, cert denied 401 US 983); evidence of charges for which a defendant was acquitted (United States v Sweig, 454 F2d 181; United States v Cardi, 519 F2d 309, 314, n 3; United States v Morgan, 595 F2d 1134); evidence of charges still pending (United States v Metz, 470 F2d 1140); or dismissed counts of an indictment (People v Felix, 58 NY2d 156, 164; see also, Matter of Jose D., 66 NY2d 638, 639 — full panoply of constitutional rights inapplicable to dispositional phase of juvenile delinquency proceeding).
Notwithstanding that neither the United States nor the *101 New York State Constitution would be violated by the use of this information, petitioner argues that the statutes are violated.
If, in fact, sealed records were used, the statute would be violated and petition would be granted (People v Hunter, 88 AD2d 321). Respondent, however, denies the use of the sealed records and an issue of fact remains.
For the purposes of this decision, the court assumes that the information was obtained from sources other than sealed records.
Respondent argues that information regarding the arrest of petitioner, even though terminated favorably to him, must, under Family Court Act §351.1 and 9 NYCRR 350.7, be included in the I & R.
Family Court Act § 351.1 requires that an I & R set forth "the history of the juvenile”, and 9 NYCRR 350.7 requires the inclusion of "[t]he legal history” of the juvenile.
CPL 160.60 provides: "Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of section 160.50 of this chapter, the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. ” (Emphasis supplied.)
The effect of this statute is to render the legal process (i.e., the arrest, docket number and disposition) of petitioner’s prior cases a nullity and thus nonexistent. If something does not exist in contemplation of law, it is not part of a person’s "history”. Thus, inclusion of information regarding arrest and disposition cannot be said to be mandated by either Family Court Act § 351.1 or 9 NYCRR 350.7.
To the degree that 9 NYCRR 350.7 requires the inclusion in an I & R of the date of arrest, that regulation is limited to arrests for which there was a plea, conviction or fact-finding determination. The regulation does not require the date of arrest for proceedings terminated favorably to petitioner.
Neither of these statutes mandates that this information be placed in an I & R, but Family Court Act § 745 (a) limits the contents of an I & R to "evidence that is material and relevant”. Evidence is relevant if it relates to petitioner’s character or background.
As stated by Justice Wachtler, now Chief Judge of the State of New York, in Matter of Henry v Looney (65 Misc 2d 759, *102 760), a case dealing with juvenile arrest records, "An arrest in and of itself, lawful or otherwise, is legally and logically probative of nothing regarding the character and background of the person arrested.” (Emphasis supplied.)
The Federal courts have also recognized the fact that a prior charge or arrest has no probative value (see, Utz v Cullinane, 520 F2d 467; Schware v Board of Bar Examiners, 353 US 232) whether the arrest is followed by the filing of formal charges or not (United States v Dooley, 364 F Supp 75).
New York, in the area of impeachment of a witness’ credibility by vicious and immoral acts, has recognized that an arrest in and of itself has no probative value (People v Cook, 37 NY2d 591, 595; People v Brailsford, 106 AD2d 648; People v Geller, 27 AD2d 843). What is relevant are the underlying facts of each arrest.
The information contained in the updated I & R relates only to the arrests which were favorably terminated. This information is not material or relevant as to petitioner’s character and, therefore, its inclusion violates Family Court Act § 745 (a).
The psychiatric examination contains the underlying facts of three of the four favorably disposed of proceedings. This information is relevant and material. It is unchallenged that the source of this information is not sealed records, but petitioner himself. The psychiatric examination, therefore, properly contains this information (People v Hunter, 88 AD2d 321, supra.)
The petition is granted to the extent that the Probation Department is directed to remove from the I & R the notations of the dates of arrest, docket numbers and dispositions of petitioner’s favorably terminated cases, as well as the language that two of the charges were "robbery related”.[3]

. Although termed mandamus, the proceeding is more appropriately designated as prohibition. Neither side has addressed the propriety of a CPLR article 78 proceeding and the court will not charter a course different from the litigants. However, even if CPLR article 78 relief is inappropriate, declaratory judgment relief is appropriate.

. D#5N057758 was sealed pursuant to CPL 160.50 (1); the others were sealed pursuant to Family Court Act § 375.1 (1).

. To the degree that this proceeding is more properly a declaratory action, the court declares that information relating to dates of arrests, docket numbers, dispositions, and the general nature of charges which have been favorably terminated are improperly inserted into an I & R no matter what the source of such information. Information relating to the underlying facts of such cases when obtained from sources other than sealed records is proper.