THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BOOKER, Appellant.—Judgment unanimously affirmed. Memorandum: Of the several grounds of error urged by defendant on appeal from his conviction for robbery, assault and criminal possession of a firearm, we address only two: that it was error for the court to limit cross-examination of a prosecution witness and that the court erred in receiving certain rebuttal evidence.

The court properly precluded defendant from cross-examining a police officer as to acts underlying criminal charges against the officer where those charges resulted in acquittal *(see, People v Francis,* 112 AD2d 167, 168, *lv denied* 66 NY2d 919; *cf., People v Vidal,* 26 NY2d 249, 253; *People v Santiago,* 15 NY2d 640, 641; *People v Korn,* 40 AD2d 561). Although a witness generally may be asked about any criminal, vicious or

immoral acts which bear on his credibility, the questions must be asked in good faith and must have a basis in fact *(People v Sorge,* 301 NY 198, 200; *People v Hunter,* 88 AD2d 321). The acquittal of the witness negates the good-faith and basis-in-fact requirements *(see, People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; *People v Santiago, supra; People v Korn, supra).* Since the questions were not asked in good faith and since there was no factual basis for the inquiry, the court properly precluded cross-examination.

The court erred in allowing a jail guard to testify on the People's rebuttal case that defense witness Sturgis had visited defendant in jail. Such testimony merely contradicted Sturgis on a collateral point and thus was improper rebuttal *(People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047; *People v Rivers,* 96 AD2d 874). Nevertheless, such error was harmless, since there is no significant probability that it resulted in defendant's conviction *(People v Crimmins,* 36 NY2d 230, 242). The remaining items of rebuttal evidence challenged by defendant were properly received. Such evidence consisted of the testimony of individuals to whom three defense witnesses had made statements implicating defendant in the shooting. Since those witnesses testified on defendant's direct case that defendant was not involved, and, since on cross-examination they either denied or could not recall making prior inconsistent statements, it was proper for the court to receive rebuttal evidence of contradictory statements bearing on the material issue of defendant's involvement in the shooting *(cf., People v Strawder,* 106 AD2d 672).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from judgment of Monroe County Court, Celli, J.—robbery, first degree, and other offenses.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.