■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered May 10, 1985, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At the sentencing proceeding, the defendant claimed, for the first time, that he had been "under the influence of drugs" and that he had therefore not understood the consequences of his plea. Neither the defendant nor his attorney offered the slightest bit of detail which might have lent credibility to his conclusory statement and the court properly drew upon its own recollection of the defendant's appearance and behavior at the time of the plea in concluding that the defendant's last-minute claim of involuntariness was factually unfounded. Since the court did not limit the defendant's ability to substantiate his claim, and since the defendant completely failed to do so, no further inquiry was required (see, *People v Pettway*, 140 AD2d 721; *People v Melendez*, 135 AD2d 660; *People v Grady*, 110 AD2d 780; *People v King*, 110 AD2d 856, 857). Mollen, P. J., Bracken, Rubin, Sullivan and Rosenblatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENERAL GENE ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered June 5, 1987, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecutor's remarks during summation regarding the particularly brutal nature of the crimes with which the defendant had been charged did not serve to deprive the defendant of a fair trial. The remaining issues raised by the defendant with respect to the prosecutor's summation have not been preserved for appellate review and do not warrant reversal in the interest of justice.

Additionally, we note that the sentence imposed was a proper exercise of discretion and was not excessive (see, *People v Suitte*, 90 AD2d 80). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.