■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Eddie Steele, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction on charges that he caused the death of Robert Steele by stabbing him in the chest in front of premises at 103 Locust Street in Buffalo. The principal issues on appeal concern Max Ridgeway, who testified at trial that he witnessed the slaying.

There is no merit to defendant's contention that the trial court improperly restricted cross-examination of Ridgeway by refusing to allow defense counsel to question the witness about claimed prior bad acts involving police officers named Panicali and Lewis. Although a witness may be questioned about prior bad acts which bear upon his credibility, the questions must be asked in good faith and must have a basis in fact (see, People v Booker, 134 AD2d 949, lv denied 70 NY2d 953). An acquittal of the witness or a dismissal on the merits negates the good-faith and basis-in-fact requirements (see, People v Booker, 134 AD2d 949, 950, supra; People v Francis, 112 AD2d 167, 168, lv denied 66 NY2d 919). The record reveals that the charges against Ridgeway were dismissed and that the dismissal was not the result of a plea bargain or the grant of youthful offender treatment. Defense counsel was unable to establish that the dismissal was not on the merits, and thus, failed to establish a factual or good-faith basis for further inquiry. The trial court, therefore, did not abuse its discretion in restricting that line of questioning.

The prosecution, following selection of the jury, delivered to defense counsel numerous witness statements it believed to constitute Rosario material (see, People v Rosario, 9 NY2d 286, rearg denied 9 NY2d 908, cert denied 368 US 866, rearg denied 14 NY2d 876, 15 NY2d 765). One of the items included reference to a witness's statement that Ridgeway and the victim were involved in an argument about half an hour before the victim's body was found. Defense counsel argued that the statement constituted Brady material (see, Brady v Maryland, 373 US 83) and that the prosecution, by its untimely production, violated a pretrial discovery order. The statement was delivered to defense counsel in sufficient time for its use at trial and the court indicated that it would grant a request for an adjournment, if one was necessary. No request was made. Under the circumstances, the delay in producing this one item does not warrant reversal (see, People v Wilson, 167 AD2d 946).

Defendant's contention that Ridgeway's testimony was incredible as a matter of law and, therefore, that the verdict was contrary to the weight of evidence, also lacks merit. A

witness's testimony is incredible as a matter of law only where it is " 'impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " *(People v Stroman,* 83 AD2d 370, 373; *see also, People v Christian,* 139 AD2d 896, *lv denied* 71 NY2d 1024). Although Ridgeway did not report his observations to the police and when initially questioned, told police that he did not see anything, he explained that he did so because he was afraid to become involved. Various aspects of Ridgeway's testimony were corroborated by other witnesses, and whether Ridgeway was a credible witness was a matter for the jury to assess. We perceive no basis, upon our independent review of the record, to disturb the jury's verdict.

The sentence imposed was lawful, and we decline to exercise our discretionary powers to modify it *(see,* CPL 470.15 [6] [b]). (Appeal from judgment of Supreme Court, Erie County, Wolfgang, J.—murder, second degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.