■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS RENFORD, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FRATTA, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from conviction on several counts, including one for aggravated harassment in the second degree (Penal Law § 240.30 [3] [harassment "because of the race[,] color, religion or national origin" of the victim]), defendant's sole contention is that the prosecutor, in summation, improperly appealed to the jurors' emotions by labeling defendant as a hateful, intolerant bigot. We disagree. The prosecutor did not ask the jury to convict defendant for being a bigot, but for committing bias-motivated attacks. Those comments were germane to an essential element of two counts of the indictment, and constituted an accurate summary of the People's proof on those counts. Thus, the prosecutor's remarks constituted fair comment on the evidence and were well within the bounds of fair advocacy. The only possible impropriety was the prosecutor's reference to the "irony" that the crimes occurred "on the eve of the anniversary of the Declaration of Independence". Defendant did not object to that portion of the summation; even if he had, that isolated comment did not deprive defendant of a fair trial. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Impersonation, 1st Degree.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.