◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO SANTIAGO DEJESUS, Appellant. [656 NYS2d 978] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the first degree (two counts), attempted murder in the second degree, robbery in the first degree, attempted robbery in the first degree (three counts), assault in the first degree, and criminal possession of a weapon in the second degree. The conviction arises out of the armed robbery of a pawnshop in Buffalo by defendant and an accomplice. During the incident, the perpetrators shot the pawnshop owner, hijacked a car, and engaged in a shoot-out with police.

We reject the contention that defendant was deprived of a fair trial by prosecutorial misconduct during summation. Reviewed in the context of the entire trial, the prosecutor's disparaging remarks constituted fair response to the arguments of the defense and did not exceed the broad bounds of permissible rhetorical comment (*see, People v Pierce*, 219 AD2d 856, *lv denied* 87 NY2d 850; *People v Rivera*, 158 AD2d 344, *lv denied* 76 NY2d 741). The prosecutor did not improperly vouch

for the credibility of his witnesses, and in any event the challenges to those asserted instances of improper vouching are not preserved for our review (*see, People v Taylor*, 226 AD2d 1101; *People v Rivera, supra*). Similarly, defendant failed to preserve for our review his challenge to remarks allegedly intended to inflame the jury. In any event, those remarks were not so egregious as to deprive defendant of a fair trial (*cf., People v Fratta*, 190 AD2d 1089, *affd* 83 NY2d 771; *People v Robinson*, 150 AD2d 812, *lv denied* 74 NY2d 817).

Defendant failed to preserve for our review his contention that the evidence of identification is insufficient to support the conviction (*see, People v Gray*, 86 NY2d 10). In any event, we conclude that the evidence is sufficient to identify defendant as one of the perpetrators (*see, People v Bleakley*, 69 NY2d 490, 495).

We reject the contention that County Court improperly instructed the jury on the proper evaluation of eyewitness identification testimony. The court's charge instructed the jury at length concerning witness credibility and the proper evaluation of identification testimony, and defendant was not prejudiced by the court's failure to give a more expanded charge (*see, People v Whalen*, 59 NY2d 273, 279).

Finally, we reject the contention that the sentence of 25 years to life is unduly harsh or severe (*see*, CPL 470.15 [6] [b]). (Appeal from Judgment of Erie County Court, McCarthy, J.—Attempted Murder, 1st Degree.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.