■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMONCITO CARRION, Appellant. [701 NYS2d 208] —Judgment unanimously affirmed. Memorandum: Defendant contends that, by restricting his cross-examination of a prosecution witness, County Court precluded him from offering evidence of his innocence and thereby denied him a fair trial. That contention is not preserved for our review because the stated purpose of that cross-examination was the impeachment of the witness's credibility (*see*, CPL 470.05 [2]; *People v Odiot*, 242 AD2d 308, 308-309, *lv denied* 91 NY2d 877; *People v Dunbar*, 145 AD2d 501, 501-502). In any event, defendant was not thereby denied a fair trial. Defendant attempted to impeach the witness with evidence of a prior crime that was charged in City Court. That charge was dismissed on procedural grounds, and the People were unable to re-prosecute because the alleged victim refused to cooperate. Under those circumstances, it was not an abuse of discretion for the court to preclude questioning concerning that alleged crime without "something other than the deposition of the alleged victim of that incident" as proof of its commission (*see, People v Caviness*, 38 NY2d 227, 232; *see also, People v Steele*, 168 AD2d 937, 938, *lv denied* 77 NY2d 967). (Appeal from Judgment of Monroe County Court, Marks, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL THOMAS, Appellant. [700 NYS2d 885] —Judgment unanimously affirmed. Memorandum: The conviction is not against the weight of the evidence. Upon our review of the record, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.