■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. STABELL, Appellant. [706 NYS2d 553] —Judgment unanimously affirmed. Memorandum: Defendant was convicted upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]) in connection with a fire at his home. Defendant contends that the evidence, which is entirely circumstantial, is legally insufficient to support the conviction because the jury failed to exclude to a moral certainty every hypothesis of innocence. That standard, however, is "available only to a trier of fact * * * A court reviewing legal sufficiency of the trial evidence must instead determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Williams,* 84 NY2d 925, 926). Although there was virtually no evidence that defendant had a motive, the fire investigator testified that the fire had several separate points of origin and that he eliminated all accidental sources of the fire. Thus, the evidence is legally sufficient to support the conviction (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant contends that he was denied a fair trial when the prosecutor questioned defendant's brother on cross-examination about his brother's prior bad acts. "Although a witness may be questioned about prior bad acts which bear upon his credibility, the questions must be asked in good faith and have a basis in fact" (*People v Steele,* 168 AD2d 937, 938, *lv denied* 77 NY2d 967). Here, the prosecutor did not demonstrate that the absence of convictions for those alleged crimes was for any reason other than an acquittal or dismissal on the merits, and therefore the questions were improper (*see, People v Steele, supra,* at 938). However, we conclude that the prosecutor's misconduct did not cause " 'such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Rubin,* 101 AD2d 71, 77, *lv denied* 63 NY2d 711, quoting *People v Mott,* 94 AD2d 415, 419). We further conclude that the remarks made by the prosecutor during summation to which defendant objects were fair response to defense counsel's summation and "did not exceed the broad bounds of permissible rhetorical comment" (*People v DeJesus,* 236 AD2d 791, *lv denied* 89 NY2d 1091, 91 NY2d 872).

We reject defendant's contention that County Court's curative instruction with respect to the testimony of a prosecution witness regarding the physical effects of smoke inhalation was

not sufficient to cure the prejudicial effect of the testimony. The court promptly and thoroughly instructed the jury to disregard the evidence, and thus we conclude that defendant was not denied a fair trial (*see, People v Daymon,* 239 AD2d 907, 908, *lv denied* 94 NY2d 821).

Defendant's contention concerning the court's charge on interested witnesses is not preserved for our review, nor is defendant's contention that the court erred in failing to give a limiting instruction with respect to a prior conviction of defendant (*see,* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, defendant failed to object to the opinion testimony of the fire investigator, and thus his contention that the testimony was improperly admitted because he was not qualified as an expert is not preserved for our review (*see, People v Highsmith,* 254 AD2d 768, 769, *lv denied* 92 NY2d 983, 1033). In any event, that contention is without merit. "There is no requirement that the court formally certify a witness as an expert" (*People v Highsmith, supra,* at 769), and the record reflects that the witness was qualified to provide opinion testimony. (Appeal from Judgment of Genesee County Court, Dadd, J.—Arson, 3rd Degree.) Present—Hayes, J. P., Hurlbutt, Scudder and Kehoe, JJ.