■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. GANT, Appellant. [736 NYS2d 820] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered November 30, 1998, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03) and sentencing him to concurrent indeterminate terms of incarceration of 25 years to life and 7½ to 15 years, respectively. We reject defendant's contention that the verdict is against the weight of the evidence on the issue of identification (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Davis,* 284 AD2d 943, 944; *People v Epps,* 284 AD2d 996, 996-997). We reject defendant's further contention that Supreme Court erred in denying his *Batson* challenge to the prosecutor's peremptory strike of an African-American prospective juror. The prosecutor explained that he exercised that peremptory strike because the prospective juror lived only four blocks away from the crime scene, might have shopped at the corner store where the incident began, and might know or encounter some of the witnesses and spectators at trial or others acquainted with defendant or the victim. The court properly found that explanation to be race-neutral on its face and not pretextual (*see, People v Simmons,* 171 AD2d 1053, 1054, *affd* 79 NY2d 1013; *see generally,* People v Cuthrell, 284 AD2d 982; *People v Sell,* 283 AD2d 920, 921, *lv denied* 96 NY2d 867; *People v Sprague,* 280 AD2d 954; *People v Hinds,* 270 AD2d 891, 892, *lv denied* 95 NY2d 964).

The court did not err in precluding defendant from impeaching a prosecution witness with a prior arrest or the crime underlying that arrest. A witness may be cross-examined concerning prior bad acts, but "the questions must be asked in good faith and must have a basis in fact * * *. An acquittal of the witness or a dismissal on the merits negates the good-faith

and basis-in-fact requirements" (*People v Steele,* 168 AD2d 937, 938, *lv denied* 77 NY2d 967). As the party seeking to impeach the witness by inquiring into the arrest or the crime underlying it, defendant was required to establish that the witness was not acquitted or that the dismissal was not on the merits, and defendant failed to sustain that burden (*see, People v Stabell,* 270 AD2d 894, *lv denied* 95 NY2d 804; *People v Steele, supra* at 938). There is no merit to defendant's *Rosario* and *Brady* claims. The court did not err in admitting the People's rebuttal testimony (*see, People v Cade,* 73 NY2d 904, 905; *People v Bennett,* 266 AD2d 558, *lv denied* 95 NY2d 832; *People v Strawder,* 106 AD2d 672, 673-674) and, in any event, any error in the admission of that rebuttal testimony is harmless (*see generally, People v Crimmins,* 36 NY2d 230, 241-242; *People v Brown,* 266 AD2d 838, 838-839, *lv denied* 94 NY2d 860). The sentence is not unduly harsh or severe. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.