◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PARSONS, Appellant. [775 NYS2d 523]—

Judgment, Supreme Court, New York County (Renee White, J.), rendered November 21, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years; and order, same court and Justice, entered on or about April 28, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

The court properly denied defendant's motion to vacate the judgment, in which he alleged that, years after his arrest and months after his trial, the principal police witness gave false grand jury testimony about his observations in an unrelated drug arrest and was subsequently indicted for perjury. Defendant failed to establish that the newly discovered evidence of the detective's alleged perjury, subsequent and unrelated to defendant's trial, was material (*see People v Salemi*, 309 NY 208 [1955]), since this evidence merely tended to impeach the detective's general credibility (*see e.g. People v Roberson*, 276 AD2d 446 [2000], *lv denied* 96 NY2d 805 [2001]). In any event, the detective was ultimately acquitted of the perjury charges, and this would now preclude inquiry into the underlying facts (*People v Santiago* 15 NY2d 640 [1964]). "The acquittal of the witness negates the good-faith and basis-in-fact requirements" for such an inquiry (*People v Booker*, 134 AD2d 949, 950 [1987], *lv denied* 70 NY2d 953 [1988] [citations omitted]).

The challenged portions of the People's summation generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, in response to defense arguments, and the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The court's curative actions, including sustaining objections, directing the prosecutor to rephrase questions, and delivering curative instructions, were sufficient to prevent any of the challenged remarks from causing any prejudice.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.