People v Murdock (2018 NY Slip Op 05061)





People v Murdock


2018 NY Slip Op 05061


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-00219
 (Ind. No. 1270/12)

[*1]The People of the State of New York, respondent,
v
Kidanne Murdock, appellant.


Paul Skip Laisure, New York, NY (Steven R. Bernhard and Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth E. Shillingford, J.), rendered December 11, 2014, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the testimony of an expert witness regarding DNA evidence violated his rights under the Confrontation Clause (see US Const Sixth Amend) because the witness did not generate the DNA profiles created from the subject DNA samples or independently analyze the raw data of the DNA samples (see generally People v John, 27 NY3d 294). This contention is partially unpreserved for appellate review since, although defense counsel made an objection at trial based on the Confrontation Clause, defense counsel did not argue that the expert witness did not independently analyze the data (see CPL 470.05[2]). In any event, the defendant's contention does not warrant reversal. The error in admitting the expert witness's testimony regarding DNA evidence, if any, was harmless beyond a reasonable doubt, because the evidence of the defendant's guilt, without reference to such evidence, was overwhelming, and there was no reasonable possibility that any such error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 237).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in limiting defense counsel's cross-examination of a detective as to that witness's prior bad acts, since counsel failed to establish a good faith basis in fact for this inquiry (see People v Olibencia, 45 AD3d 607, 608; People v Gant, 291 AD2d 912, 912-913).
There is no merit to the defendant's contention that certain comments made by the prosecutor on summation deprived him of a fair trial. Most of the challenged comments were fair comment on the evidence or fair response to the defense summation (see People v Ashwal, 39 NY2d 105, 109-110; People v Birot, 99 AD3d 933, 933). To the extent that any remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v [*2]Almonte, 23 AD3d 392, 394).
The defendant's remaining contention is without merit (see People v Whitlock, 95 AD3d 909, 911).
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court