■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN TENTION, Appellant.—Judgment of the Supreme Court, New York County (Paul P. E. Bookson, J., at jury trial and sentence), rendered February 23, 1989, convicting defendant of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 5 to 10 years, unanimously affirmed.

Upon viewing the evidence in the light most favorable to the People, we find it legally sufficient to establish defendant's guilt beyond a reasonable doubt *(People v Contes,* 60 NY2d

620, 621; *People v Bleakley,* 69 NY2d 490, 495). Although defendant was silent throughout the drug transaction between codefendant and the undercover officer, the jury, in perceiving the reality of the situation, was well within its province to conclude that defendant's conduct demonstrated an interest in promoting the transaction *(People v Argibay,* 45 NY2d 45, 53-54, *cert denied sub nom. Hahn-Di-Guiseppe v New York,* 439 US 930; *People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935). When the undercover officer asked for drugs of a particular brand name, defendant went directly to codefendant, obviously known to him as a seller of such a commodity, and accompanied codefendant back to where the officer waited. There, although mute, he awaited completion of the transaction. This conduct bespeaks involvement beyond being a mere extension of the buyer. Concur—Ross, J. P., Carro, Wallach and Rubin, JJ.