■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE ALEXANDER, Appellant.—Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered May 30, 1989, convicting defendant, after a jury trial, of attempted robbery in the second degree and, upon his plea of guilty, of attempted robbery in the first degree and sentencing him to concurrent terms of 3½ to 7 years and 4 to 8 years, respectively, unanimously affirmed.

Defendant's challenge to the court's expanded no-adverse-inference charge is unpreserved for review as a matter of law (CPL 470.05 [2]; *People v Autry*, 75 NY2d 836). We find no reason to review in the interest of justice *(see, People v Autry, supra)*. In any event, the challenged charge did not impermissibly comment on any failure of a defendant to offer sworn testimony *(compare, People v McLucas*, 15 NY2d 167, 171) and was consistent with CPL 300.10 (2) and we decline to reverse for minor expansion beyond the statutory language *(People v Diggs*, 151 AD2d 359, 362). We have examined defendant's remaining contentions and find them to be meritless. Concur —Kupferman, J. P., Sullivan, Milonas, Rosenberger and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD BAKER, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered April 17, 1989, convicting defendant, after a jury trial, of robbery in the third degree and sentencing him, as a second felony offender, to an indeterminate term of from 3½ to 7 years, unanimously affirmed.

Defendant was apprehended by a police officer moments after he robbed a woman at the 207th Street subway station. The victim immediately identified defendant, after which he was arrested and made inculpatory statements.

Defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. The victim's emotional state and ability to observe the defendant, upon which her identification was predicated, were issues for the jury *(People v Carter*, 155 AD2d 276, *lv denied* 75 NY2d 811), and we find no reason to disturb the findings of the jury. Similarly, defendant's challenge to the court's ruling denying suppression of identification testimony on the basis of the purported suggestiveness of a police-arranged identification procedure is meritless. Neither do we find the sentence to be an abuse of discretion. Concur— Kupferman, J. P., Sullivan, Milonas, Rosenberger and Kassal, JJ.