■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER SPIGNER, Appellant.—Judgment, Supreme Court, Bronx County (Joseph A. Mazur, J.), rendered September 11, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fifth degree and sentencing him, as a second felony offender, to an indeterminate term of from 3 to 6 years, unanimously affirmed.

Defendant was arrested following a "buy and bust" operation, during which he summoned an accomplice, received 11 tablets of Valium, and handed them to an undercover officer in exchange for $10 in pre-recorded buy money.

There is no reasonable view of the evidence to support defendant's claim that he was entitled to a charge on agency defense *(People v Ortiz,* 76 NY2d 446, *remittitur amended* 77 NY2d 821). The circumstances demonstrate defendant's participation in the transaction as a seller, rather than as a mere extension of the buyer. *(People v Tention,* 162 AD2d 355, *lv denied* 76 NY2d 991.)

Defendant was not deprived of a fair trial due to the *Trowbridge* error *(see, People v Trowbridge,* 305 NY 471), which occurred when the arresting officer testified that he knew he had arrested the right men because of the undercover officer's confirmatory identification. Since the undercover police officer identified defendant at trial and was subject to cross-examination, there was no danger the jury might have relied upon the arresting officer's testimony as a substitute for the undercover officer's identification testimony. *(People v Middleton,* 159 AD2d 350, 351.)

We reject defendant's claim that the prosecutor improperly

elicited testimony as to defendant's post-arrest silence. Defense counsel, in his opening, alleged that the drugs recovered from defendant could have been prescription drugs for personal use. The prosecutor, on redirect examination of the arresting officer, was permitted to ask if defendant had explained why he possessed Valium. First, this claim is not preserved for review, because defendant failed to object on the ground now advanced. Furthermore, were we to consider the claim in the interest of justice, we would find the question permissible. *(People v Carter,* 149 AD2d 83, *appeal withdrawn* 75 NY2d 916.)

We have considered the remaining claims and find them to be without merit. Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.