■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ROMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered January 4, 1991, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested for the sale and possession of heroin in a so-called "buy and bust" operation after he passed 15 glassine envelopes of heroin to another, who in turn sold one to an undercover police officer.

The defendant's contentions that the court's instructions to the jury constituted reversible error by shifting or lessening the burden of proof and coercing the jury to agree on a particular verdict were not preserved for appellate review *(see, People v Udzinski,* 146 AD2d 245). In any event, these contentions lack merit. The charge, when viewed as a whole, adequately conveyed the proper standards *(see, People v Coleman,* 70 NY2d 817; *People v Jones,* 173 AD2d 487). Additionally, the instructions given did not attempt to "coerce or compel the jury to agree upon a particular verdict, or any verdict" *(People v Faber,* 199 NY 256, 259). Rather, the instructions concerned that part of the court's charge dealing with the jury's duty to engage in deliberations with an open mind *(see, People v Ali,* 47 NY2d 920).

Nor was the court's *Sandoval* ruling erroneous. The court may permit inquiry into prior similar offenses without improvidently exercising its discretion *(see, People v Rahman,* 46 NY2d 882; *People v Hendrix,* 44 NY2d 658). Although the defendant had three prior convictions involving criminal sale or possession of a controlled substance, the court limited inquiry on cross-examination to one conviction for criminal sale of a controlled substance in the third degree with no

elicitation of the details of the crime. The record indicates that the trial court weighed the competing considerations and determined that the probative value of the crime concerning the defendant's tendency to put his self-interest above that of society outweighed any prejudice (see, People v Pavao, 59 NY2d 282).

Additionally, viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we are satisfied that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.