■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY GUZMAN, Appellant. [603 NYS2d 52] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 1, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court correctly weighed the competing factors when it ruled that it would allow the prosecutor to inquire into the defendant's prior conviction for criminal sale of a controlled substance during cross-examination if the defendant were to take the witness stand *(see, People v Pavao,* 59 NY2d 282; *People v Williams,* 56 NY2d 236; *People v Sandoval,* 34 NY2d 371). Furthermore, the mere similarity between the prior conviction and the crime charged was insufficient to preclude its use on cross-examination *(see, People v Rahman,* 46 NY2d 882; *People v Roman,* 190 AD2d 831). Accordingly, the trial court's *Sandoval* ruling was not an improvident exercise of discretion *(see, People v Pavao, supra; People v Mackey,* 49 NY2d 274; *People v Sandoval, supra).*

Similarly, we find no merit to the defendant's assertion that the identification testimony of the undercover police officer who observed the defendant sell crack cocaine to another undercover officer should have been precluded due to the People's failure to serve a CPL 710.30 notice that it would be used against him in court. The undercover officer's identification of the defendant at the police station less than an hour after the drug transaction occurred was merely confirmatory and, therefore, not subject to CPL 710.30 *(see, People v Rodriguez,* 79 NY2d 445; *People v Roberts,* 79 NY2d 964; *People v Newball,* 76 NY2d 587; *People v Wharton,* 74 NY2d 921).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.