■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN SMITH, Appellant. [631 NYS2d 683] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered September 8, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4\frac{1}{2}$ to 9 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People and giving them the benefit of every reasonable inference (*People v Contes*, 60 NY2d 620, 621), defendant's guilt was proven beyond a reasonable doubt by evidence that he intentionally aided his accomplices by steering an undercover

officer to them for the purchase of drugs, directing one accomplice to provide him with drugs, acting as a lookout during the sale, and by remaining with the accomplices after the sale was completed (*see, People v Kearse*, 215 AD2d 104, *lv denied* 86 NY2d 797). The testimony adduced at trial established "that defendant's interest in promoting the transaction and involvement therein went 'beyond being a mere extension of the buyer' " (*supra*, at 105, quoting *People v Tention*, 162 AD2d 355, 356, *lv denied* 76 NY2d 991).

By raising an agency defense during his testimony, defendant opened the door to cross-examination concerning his prior crimes in order to promote the jury's consideration of the issue whether he was a seller or merely doing a favor for a friend (*see, People v Castaneda*, 173 AD2d 349, *lv denied* 78 NY2d 963).

Defendant's contention that suppression of a statement he made to his accomplices was required due to the People's failure to provide notice pursuant to CPL 710.30 (1) (a) is unpreserved (CPL 470.05 [2]; *People v Guerrero*, 69 NY2d 628, *revg on dissenting opn* 111 AD2d 350, 355-356), and without merit. The People were not required to provide such notice since defendant's accomplices were not "public servants" (*see, People v Rivera*, 210 AD2d 178, *lv denied* 85 NY2d 865). Moreover, such statement did not have to be specified in the People's bill of particulars (CPL 200.95 [1]; *see, People v Bignall*, 195 AD2d 997, *lv denied* 82 NY2d 891). Concur—Rosenberger, J. P., Rubin, Asch, Williams and Mazzarelli, JJ.