■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE DAVIS, Appellant. [636 NYS2d 294] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered February 19, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and upon his plea of guilty, of bail jumping in the first degree, and sentencing him, as a second felony offender, to concurrent terms of $3^1/2$ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's claim that the evidence was insufficient to prove his guilt of possession of a loaded firearm, because there was no evidence that the ammunition was live, is unpreserved for

appellate review as a matter of law since no specific objection or motion on that ground was made (*People v Gray*, 86 NY2d 10; *People v Perkins*, 201 AD2d 511, *lv denied* 83 NY2d 875), and we decline to review it in the interest of justice. Were we to review it, we would find that the evidence was sufficient for the jury to infer that the .357 magnum was loaded and operable (*see, People v Perkins, supra; People v Cabey*, 199 AD2d 197, *mod on other grounds* 85 NY2d 417).

Defendant has failed to provide an adequate record to review his claim that he was absent from voir dire conferences with several jurors (*People v Kinchen*, 60 NY2d 772; *People v Arhin*, 203 AD2d 62, 62-63, *lv denied* 83 NY2d 908), and in any event, the existing record indicates he was present.

Defendant's claim that the court failed to respond meaningfully to a jury note is also unpreserved as he failed to object to the response proposed by the court, nor did he except to the supplemental instruction as given (*see, People v Marrero*, 219 AD2d 518; *People v Bunch*, 207 AD2d 460, *lv denied* 84 NY2d 866). Since the jury note inquired as to "how and when fingerprints should be permitted", and the only evidence in the case was simply that no fingerprints were taken, the court appropriately told the jury to decide the case on the evidence, thereby avoiding undue speculation. In these circumstances, such response was meaningful (*People v Malloy*, 55 NY2d 296, *cert denied* 459 US 847). Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.