■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL BONILLA, Appellant. [638 NYS2d 636]

The verdict was not against the weight of the evidence. We note that the identification testimony was particularly strong, and included evidence that the complainant had an extended opportunity to observe defendant face-to-face under good lighting conditions and had pointed out defendant to the police shortly after the crime. The complainant's description of his assailant as at least two years older than defendant, and his estimation that defendant was considerably heavier than his reported weight, may be explained readily in terms of defendant's hairstyle, his attempts to hide his face, and the bulk of his winter clothing. Further, the complainant's description of a ski mask worn by his assailant as blue-black, rather than black, merely presented an issue for consideration by the jury. Its determination, not unreasonable, will not be disturbed by this Court (*see, People v Baker*, 168 AD2d 297, *lv denied* 77 NY2d 903).

Defendant did not preserve his current claim that the trial court's *Allen* charge improperly coerced a verdict (*see, People v Jackson*, 209 AD2d 247, 248, *lv denied* 85 NY2d 974). In any event, the trial court appropriately exercised its discretion in delivering the *Allen* charge, rather than granting a mistrial, (*see, Matter of Plummer v Rothwax*, 63 NY2d 243, 250), since, after the indication that the jury was deadlocked, the jurors requested review of additional evidence Further, the record indicates that the jury continued deliberations for some time following delivery of the *Allen* charge, and sent two additional notes requesting further readback of testimony and charge material before rendering a verdict, clearly negating the conten-

331

tion that the *Allen* charge was coercive (*see, People v Diaz*, 197 AD2d 379, 380, *lv denied* 82 NY2d 893). Concur—Ellerin, J. P., Rubin, Ross, Williams and Tom, JJ.