■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUMONT VINCENT, Also Known as VINCENT JUMONT, Appel-

lant. [647 NYS2d 205] —Judgment, Supreme Court, New York County (Harold Rothwax, J., at pretrial hearings; Antonio Brandveen, J., at jury trial and sentence), rendered on or about July 25, 1994, convicting defendant of assault in the second degree, and sentencing him to a term of $2^1/_3$ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, as well as the weight to be accorded the evidence, are for the jury to resolve. The medical evidence establishing that the complainant suffered a smooth cut belies defendant's contention that the evidence was insufficient to establish his use of a dangerous instrument in the attack. Moreover, it was unnecessary for the police to recover the weapon in order to prove his guilt beyond a reasonable doubt.

Defendant's contention that the verdict was coerced is not supported by the record. Although the jury had deliberated for a substantial period of time and had sent three notes indicating it was deadlocked, each time it resumed deliberations and requested further readbacks and instructions, negating defendant's contentions that a mistrial was warranted and that the *Allen* charge delivered by the court was coercive (*People v Bonilla*, 225 AD2d 330). Defendant's remaining contentions with respect to the *Allen* charge have not been preserved for appellate review as a matter of law (CPL 470.05 [2]) and we decline to review them in the interest of justice. Were we to do so, we would find that the charge, viewed as a whole, and in conjunction with other instructions, was balanced, did not improperly single out any particular juror and did not coerce the verdict (*People v Alvarez*, 86 NY2d 761; *People v Ford*, 78 NY2d 878).

We perceive no abuse of discretion in sentencing. Concur— Murphy, P. J., Rosenberger, Wallach, Kupferman and Nardelli, JJ.