■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE TURNER, Appellant. [649 NYS2d 571] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Defendant was sentenced as a second felony offender to concurrent terms of incarceration of $12^1/_2$ to 25 years.

Defendant contends that identification evidence should have been precluded because the prosecution failed to provide a sufficient CPL 710.30 notice; that the prosecution failed to turn over *Brady/Rosario* material; that he was denied effective assistance of counsel because of a conflict that prevented counsel from cross-examining a prosecution witness; that he was denied his statutory right to a speedy trial as a result of postreadiness delay; that his statements should have been precluded for lack of notice pursuant to CPL 710.30; and that the sentence is excessive.

Defendant is not entitled to preclusion of the undercover officer's identification testimony. Even assuming, arguendo, that the officer's viewing of defendant at the time of arrest was an identification procedure, it was purely confirmatory. The officer had seen defendant face to face on three prior occasions under reasonably well-lighted conditions for several minutes. When the SWAT team entered the house to execute the warrant, the officer remained in the van and, after several minutes, observed defendant being brought out of the house with other occupants. We conclude that any identification was "sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure", and "lent assurance that an innocent person was not being detained by reason of a mistaken arrest" (*People v Wharton*, 74 NY2d 921, 922-923; *see, People v Morales*, 37 NY2d 262, 271-272; *People v Guzman*, 197 AD2d 705, *lv denied* 82 NY2d 896; *People v Aponte*, 140 AD2d 702, *lv denied* 72 NY2d 911).

The police "nickname file" sought by defendant did not constitute *Rosario* material because it was not a written statement, report, or document made by a prospective prosecution witness (*see*, CPL 240.20 [1] [c]; 240.45 [1] [a]). Nor can it be concluded that the nickname file was *Brady* material. There is no evidence to support defendant's assertion that the nickname file contained the names of other individuals who were known by the nickname "Ski". Thus, defendant has not sustained his burden of showing that the People failed to turn over material exculpatory evidence.

Defendant was not deprived of effective assistance of counsel. At trial, counsel asserted that he had learned facts concerning the informant from another client but felt restrained in cross-examining the informant for fear that he would violate the confidence of that client. As the record reveals, however, despite counsel's ethical concerns, counsel asked the informant whether he had previously worked as a confidential informant

for the State Police. The informant said he had not. Counsel's notion that the informant was lying, information apparently acquired from another client, might have served as the basis for further cross-examination, but was a collateral matter that counsel could not have proved by extrinsic evidence. Under the circumstances, any prejudice was minimal. We likewise conclude that there is no merit to the contention that defendant was deprived of effective assistance when the court ordered counsel to proceed to trial without allowing him sufficient time to prepare. Our review of the record reveals that counsel ably represented defendant.

Defendant was not deprived of a speedy trial by postreadiness delay chargeable to the People. Defendant merely alleges a lapse of time between the declaration of readiness and trial. He fails to allege that the People lacked readiness as a result of some laxity that constituted " 'a direct impediment to commencement of the trial' " (*People v England*, 84 NY2d 1, 5, *rearg denied* 84 NY2d 846; *cf., People v McKenna*, 76 NY2d 59, 64).

Because there was no question concerning voluntariness, the People were not obligated to serve a CPL 710.30 notice with respect to defendant's statements to the undercover officer or confidential informant during the course of the criminal transactions (*see, People v McCaskell*, 217 AD2d 527, 528, *lv denied* 87 NY2d 848; *People v Wells*, 133 AD2d 385, 386, *lv denied* 70 NY2d 939; *People v Early*, 85 AD2d 752).

We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.