■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WORTH, Appellant. [649 NYS2d 573] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale

of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, attempted robbery in the second degree (two counts), assault in the second degree, and attempted grand larceny in the fourth degree. The charges arose out of defendant's sale of cocaine to an undercover Sheriff's investigator on September 29, 1993, and defendant's attempt to rob the investigator of the "buy" money during a second transaction one week later.

On appeal, defendant contends that the People's failure to disclose an audiotape of a September 28 conversation violated defendant's rights under CPL 240.20 (1) (g) and 710.30; that there is insufficient evidence of defendant's knowledge of the weight of the drugs and insufficient evidence to support the conviction of attempted robbery; that Supreme Court erred in failing to sever the counts relating to the two incidents; that the court should have suppressed defendant's post-arrest statements as involuntary; that the court erred in allowing the prosecution to question defendant in violation of the *Sandoval* ruling; and that the prosecution erred in failing to charge the Grand Jury concerning the agency defense.

Defendant has failed to preserve for our review the contention that his disclosure rights were violated by use of the tapes of the September 28 conversation setting up the buy. Defendant failed to request disclosure of the tapes, and, in any event, defense counsel specifically consented to the playing of the tapes at trial, thereby waiving any objection to their use. Further, the recorded conversations between defendant and the confidential informant were not subject to the requirements of CPL 710.30 (*see, People v Turner*, 233 AD2d 932 [decided herewith]; *People v McCaskell*, 217 AD2d 527, 528, *lv denied* 87 NY2d 848; *People v Wells*, 133 AD2d 385, 386, *lv denied* 70 NY2d 939; *People v Early*, 85 AD2d 752).

Defendant also has failed to preserve for our review his contentions that the evidence is insufficient to establish defendant's knowledge of the weight of the cocaine and that defendant caused injury to the investigator during an attempt to steal property from him (*see, People v Gray*, 86 NY2d 10). In any event, upon our review of the record, we conclude that the evidence is sufficient to establish those elements (*see generally, People v Bleakley*, 69 NY2d 490, 495).

The court properly denied defendant's motion to sever. The counts of the indictment were properly joined pursuant to CPL 200.20 (2) (b). Similarly, the court properly denied defendant's motion to suppress. The evidence at the suppression hearing does not establish that defendant's will was overborne or that

defendant's capacity for self-determination was critically impaired (*see, People v Anderson,* 42 NY2d 35, 41; *People v Cooper,* 101 AD2d 1, 10).

Cross-examination of defendant concerning a prior theft did not violate the court's *Sandoval* ruling. Moreover, by raising the defense of agency, defendant opened the door to questioning concerning a prior drug offense.

We have considered defendant's challenge to the Grand Jury proceeding and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Denman, P. J., Green, Wesley, Doerr and Boehm, JJ.