■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATHERIO STOKES, Appellant. [668 NYS2d 425] —Judgment unani-

mously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his motion for a mistrial on the ground that the prosecutor vouched for the credibility of a police officer in his redirect examination of the officer and placed the credibility of defense counsel at issue. We disagree. The record fails to support defendant's contention that the prosecutor vouched for the police officer's credibility. Furthermore, the fact that the officer testified that defense counsel was present at a meeting where defendant entered into a contract to provide services for the police does not place the credibility of defense counsel at issue. In any event, to eliminate any potential prejudice, defense counsel was permitted to testify in narrative form concerning his recollection of defendant's statements at the meeting; that testimony contradicted the police officer's testimony concerning that meeting. Moreover, defense counsel initially raised the issue of the contract when cross-examining the police officer and thereafter failed to object when the prosecutor on redirect elicited further information concerning the contract. Under those circumstances, defendant's motion for a mistrial was properly denied (*see*, CPL 280.10).

Defendant further contends that the court erred in allowing the prosecutor to cross-examine defendant regarding his presence in a vehicle where cocaine was found because a Grand Jury issued a "No Bill" with respect to that incident. We disagree. Because the Grand Jury's refusal to indict is not a final determination that the acts alleged did not occur, the People were not barred from questioning defendant concerning the incident (*see generally, People v Estes*, 202 AD2d 516, *lv denied* 84 NY2d 825; *People ex rel. Pickett v Ruffo*, 96 AD2d 128, 130). Additionally, by raising agency and entrapment defenses, defendant opened the door to cross-examination concerning his prior drug activities (*see, People v Smith*, 219 AD2d 533, 534, *lv denied* 87 NY2d 907; *see also, People v Worth*, 233 AD2d 939, *lv denied* 89 NY2d 948). In any event, even assuming, arguendo, that the court erred in admitting that testimony, any error is harmless (*see, People v Crimmins*, 36 NY2d 230, 242). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Fallon, JJ.