■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN GONZALEZ, Appellant. [687 NYS2d 170] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered May 27, 1997, convicting him of murder in the second degree (two counts), arson in the first degree (two counts), and arson in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court afforded the defendant ample opportunity to suggest appropriate responses to the note in which the jury indicated it was deadlocked (*see, People v O'Rama,* 78 NY2d 270, 277; *see also, People v Cook,* 85 NY2d 928).

The defendant contends that the *Allen* charge was coercive

because the court failed to include a specific instruction that the jurors should not surrender their conscientiously held beliefs. We conclude that the Supreme Court's remarks that the jurors were not to feel pressured into reaching an unjust verdict and that they should not change their minds "simply for an arbitrary reason" sufficiently informed the jurors they were not to surrender an honest belief in order to return a verdict. The fact that the jury continued deliberations for over three hours after delivery of the *Allen* charge and sent additional notes on other substantive issues before delivering a verdict negates the contention that the *Allen* charge was coercive (*see, People v Bonilla,* 225 AD2d 330; *People v Perdomo,* 204 AD2d 358).

The defendant's remaining contentions with respect to the *Allen* charge and the court's other instructions to the jury are either unpreserved for appellate review (*see, People v Jackson,* 76 NY2d 908; *People v Vincent,* 231 AD2d 444) or without merit. O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.