■ George Kleinmann et al., Appellants, v St. Peter's Hospital, Respondent. [748 NYS2d 814] —Crew III, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered May 17, 2001 in Albany County, upon a verdict rendered in favor of defendant.

On July 8, 1997, plaintiff George Kleinmann collapsed in his front yard and was transported by ambulance to defendant's emergency room. The emergency room physician concluded that Kleinmann had suffered a temporary ischemic attack and prescribed the anticoagulant Heparin. Following Kleinmann's admission to the hospital, his condition worsened over the course of the next few days; however, Kleinmann's condition eventually improved and he was discharged on July 14, 1997.

Thereafter, Kleinmann and his wife, derivatively, commenced the instant action alleging that defendant failed to provide Kleinmann with proper treatment, thereby causing his condition to deteriorate and resulting in permanent left-side paralysis. Following joinder of issue and discovery, a jury trial was held, at the conclusion of which the jury returned a verdict in favor of defendant. This appeal by plaintiffs ensued.

Plaintiffs concede that the verdict is not against the weight

---

of the evidence, but assert that a new trial is necessary because of two evidentiary errors made by Supreme Court. The theory of plaintiffs' case was that, at the time Kleinmann presented at the emergency room, he had suffered a stroke, not a temporary ischemic attack, and the misdiagnosis by defendant's staff prevented him from receiving tissue plasminogen activator (hereinafter TPA) drug therapy, which would have prevented or significantly reduced the paralysis experienced by Kleinmann. At trial, Kleinmann's wife testified extensively concerning his symptoms at the time he presented at the emergency room, which were substantially different than the symptomatology recorded in defendant's emergency room records. Both plaintiffs' and defendant's experts agreed that if Kleinmann presented at the emergency room with symptoms as described by his wife, he indeed had suffered a stroke and was a candidate for TPA drug therapy. They likewise agreed that if Kleinmann exhibited the symptoms detailed in defendant's hospital record, he had suffered a temporary ischemic attack for which TPA drug therapy was wholly inappropriate.

At the time of trial, plaintiffs attempted to demonstrate that defendant's medical records were either inaccurate or incomplete by offering a copy of one page of such records marked exhibit No. 6. That page purportedly constituted a dictated emergency room report, which differed from the corresponding page contained in the original hospital record. Supreme Court rejected plaintiffs' offer of exhibit No. 6 on foundational grounds. Inasmuch as the accuracy of the medical reports was critical to plaintiffs' case, it is urged that Supreme Court's ruling constituted prejudicial error requiring reversal. We disagree. Whether Supreme Court erred in its ruling on this point is of no moment inasmuch as exhibit No. 6 ultimately was admitted into evidence during examination of the emergency room physician who dictated it.

Finally, during cross-examination of Kleinmann's wife, she was questioned, over objection, as to whether she previously had engaged in an altercation with a nurse at the Albany County Nursing Home, at which time she allegedly twisted the nurse's hand and arm causing personal injury. Kleinmann's wife denied any such incident. Plaintiffs claim that Supreme Court erred in permitting such questioning and, inasmuch as credibility was critical to the jury's determination, such error was sufficiently prejudicial to require a new trial. Again, we disagree. It is axiomatic that a witness may be cross-examined about any immoral, vicious or criminal act that tends to impeach her credibility, provided there is a good faith basis for

such inquiry (*see generally Badr v Hogan*, 75 NY2d 629, 634). The record here reflects that defendant's counsel, in the absence of the jury, demonstrated a reasonable basis in fact for his inquiry and, accordingly, we find no reason to conclude that Supreme Court erred in its ruling.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.