THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN W. PLAISTED, Appellant. [767 NYS2d 518]—

Cardona, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 13, 2002, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree.

On an evening during May 2001, the victim and defendant, her boyfriend's stepfather, went out to various bars with two of their friends. There came a point when the victim wanted to leave and defendant stated he would drive her home. At that time, the victim and her boyfriend resided with defendant at his

mobile home. Instead of taking the main route back to the trailer park, defendant drove on back roads and stopped at a pull-off. According to the victim, defendant forced her to engage in oral sodomy and sexual intercourse. Several weeks later, after the victim reported the incidents, defendant was arrested and subsequently indicted for forcible rape and sodomy in the first degree. Following a jury trial, he was convicted of both charges and sentenced to two consecutive six-year terms of imprisonment and a five-year period of postrelease supervision.

We first address defendant's contentions that the trial evidence was legally insufficient and the verdict was against the weight of the evidence. A verdict is supported by legally sufficient evidence when, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" and establishes every element of the crime charged beyond a reasonable doubt (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Rayam*, 94 NY2d 557, 560 [2000]; *People v Love*, 307 AD2d 528, 529 [2003]).

As charged in the instant indictment, "[a] person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person: 1. [b]y forcible compulsion" (Penal Law § 130.35 [1]). " 'Sexual intercourse' has its ordinary meaning and occurs upon any penetration, however slight" (Penal Law § 130.00 [1]). Furthermore, a person commits sodomy in the first degree under the theory charged herein, "when he or she engages in deviate sexual intercourse with another person: 1. [b]y forcible compulsion" (Penal Law § 130.50 [1]). " 'Deviate sexual intercourse' means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva" (Penal Law § 130.00 [2]).

The victim testified at trial, inter alia, that on the evening in question, defendant told her he wanted oral sex, exposed himself and, over her protests, grabbed her head and forced her to perform that act. Defendant then removed the victim's pants and underwear and penetrated her vaginally with his penis, despite her attempts to push him away, telling him to stop and scratching him on the neck. We find the victim's testimony legally sufficient to establish beyond a reasonable doubt that defendant engaged in sexual intercourse and deviate sexual intercourse by forcible compulsion.

Furthermore, having determined that a different verdict

would not have been unreasonable in light of evidence supporting defendant's claim that any sexual conduct was consensual, we have examined the trial evidence in a neutral light, and " 'weigh[ed] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley, supra* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). According deference to the jury's opportunity to hear the testimony and observe the witnesses' demeanor, we conclude that it gave the evidence the proper weight (*see People v Bleakley, supra* at 495; *People v Love*, 307 AD2d 528, 530 [2003]; *People v Sullivan*, 300 AD2d 689, 691-692 [2002], *lv denied* 100 NY2d 587 [2003]), and find that the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]).

Next, we turn to defendant's challenges to the propriety of County Court's rulings which precluded cross-examination of the victim in certain areas. Defense counsel sought to inquire of the victim whether she had stolen money from her boyfriend's mother, whether she made a false written statement to a police officer in November 1993, and had threatened someone with a weapon in April 1994. County Court indicated that defense counsel could only ask about her criminal convictions.

The extent and scope of cross-examination is within the trial court's discretion and will not be disturbed absent an abuse or injustice (*see People v Love, supra* at 531). Generally, "a witness may be cross-examined with respect to specific immoral, vicious or criminal acts which have a bearing on the witness's credibility" (*Badr v Hogan*, 75 NY2d 629, 634 [1990]; *see People v Schwartzman*, 24 NY2d 241, 244 [1969]; *Kleinmann v St. Peter's Hosp.*, 298 AD2d 675, 676-677 [2002]). However, "the questions must be asked in good faith and must have a basis in fact. An acquittal of the witness or a dismissal on the merits negates the good-faith and basis-in-fact requirements" (*People v Steele*, 168 AD2d 937, 938 [1990] [citations omitted], *lv denied* 77 NY2d 967 [1991]; *see People v Gant*, 291 AD2d 912, 912 [2002], *lv denied* 98 NY2d 675 [2002]). Here, because defense counsel failed to "demonstrate that the absence of convictions for those alleged crimes was for any reason other than an acquittal or dismissal on the merits" (*People v Stabell*, 270 AD2d 894 [2000], *lv denied* 95 NY2d 804 [2000]; *see People v Gant, supra* at 913), we agree with County Court's determination that the subject questions were improper. Moreover, contrary to defendant's contention, the court did not categorically bar cross-examination of the victim regarding prior bad acts, and defense counsel did so at length.

Next, we find no merit in defendant's argument that he should have been permitted to inquire about certain unsworn statements made by the victim during an appearance on the "Jerry Springer" television show. Since that appearance occurred prior to defendant's commission of the charged crimes, that information, regardless of its basis for admissibility, was "too . . . remote . . . to have [had] any legitimate influence in determining the fact[s] in issue" (*People v Martinez*, 177 AD2d 600, 601 [1991], *lv denied* 79 NY2d 829 [1991]). Moreover, the probative value of the statements, which concerned collateral issues dealing with the victim's credibility, was outweighed by the danger that it would have caused confusion to the jury had it heard them (*see People v Davis*, 43 NY2d 17, 27 [1977]; *People v Weaver*, 302 AD2d 872, 873 [2003], *lv denied* 99 NY2d 633 [2003]).

Defendant also argues that County Court erred in precluding cross-examination of the victim and other lay witnesses regarding the victim's mental condition. Initially, we note that defense counsel was permitted to elicit from the victim that she had been treated for mental illness. Therefore, the jurors were aware of that treatment in assessing her testimony (*see People v Rensing*, 14 NY2d 210 [1964]; *People v Walker*, 116 AD2d 948, 951 [1986], *lv denied* 67 NY2d 952 [1986]). However, since neither the victim nor the other lay witnesses were trained in medicine, psychiatry or psychology, any additional testimony from them concerning this issue would have had no probative value.

Addressing defendant's contention that he was deprived of the effective assistance of counsel, the crux of that argument is counsel's concession at the beginning of his summation that it was "undisputed" that his client and the victim "had sex" and that the only dispute was "whether that sex was consensual, or . . . forced." Defendant argues that this error alone compromised his right to a fair trial because it eliminated any chance of his acquittal of rape premised upon the People's failure to establish the element of penetration. "Where a single, substantial error by counsel so seriously compromises a defendant's right to a fair trial, it will qualify as ineffective representation" (*People v Hobot*, 84 NY2d 1021, 1022 [1995] [citations omitted]; *see People v Flores*, 84 NY2d 184, 188 [1994]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). However, "losing trial tactics or [an] unsuccessful attempt[ ] to advance the best possible defense," will not constitute ineffective assistance (*People v Henry*, 95 NY2d 563, 565 [2000]; *see People v Curry*, 294 AD2d 608, 611 [2002], *lv denied* 98 NY2d 674 [2002]). " '[A]n attorney is not required to argue factual innocence at the expense of a

stronger defense' " (*People v Tommaselli*, 102 AD2d 943, 944 [1984], quoting *People v Baldi, supra* at 148). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation," a defendant's constitutional right to the effective assistance of counsel will have been met (*People v Baldi, supra* at 147; *accord People v Curry, supra* at 611).

Applying that standard, we conclude that defendant was provided meaningful representation. In light of the victim's insistence that sexual intercourse and deviate sexual intercourse occurred, it was not unreasonable for counsel to argue that any sexual conduct was consensual, since his strongest evidence supported that claim. Notably, the victim did not reveal the rape during her several weeks' stay in the City of Rochester, Monroe County, when she was away from any intimidation. Additionally, after defendant drove to Rochester, she accepted a ride home from him. Thereafter, she continued to reside with him until she entered a substance abuse program. Furthermore, counsel provided competent representation at other stages of the trial. He made cogent open and closing statements, vigorously cross-examined the victim and other prosecution witnesses, called witnesses on defendant's behalf and made appropriate motions and objections.

We have examined defendant's other contentions and find them to be either unpreserved or lacking in merit.

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.