■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BATTLE, Appellant. [790 NYS2d 477]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 2, 2001, convicting him of robbery in the second degree, assault in the second degree, and criminal possession of ammunition, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant did not object to the court's *Allen* charge (*see Allen v United States,* 164 US 492 [1896]), he failed to preserve for appellate review his argument that the charge was

unbalanced and coercive (*see* CPL 470.05 [2]; *People v Ali,* 301 AD2d 609 [2003]; *People v McEachin,* 296 AD2d 423, 424 [2002]). In any event, viewing the charge as a whole, it was fairly balanced and not coercive (*see People v Ford,* 78 NY2d 878, 880 [1991]; *People v Gonzalez,* 259 AD2d 631, 632 [1999]; *People v Fleury,* 177 AD2d 504, 505 [1991]).

Since the defendant did not object to the court's initial approach to the handling of a note from a juror, his claim that the court did not meaningfully respond to the note is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Smith,* 255 AD2d 404, 405 [1998]; *People v Davis,* 223 AD2d 376, 377 [1996]). In any event, the defendant was afforded a meaningful opportunity to suggest a response and the court responded appropriately (*cf. People v O'Rama,* 78 NY2d 270, 278 [1991]). Furthermore, the defendant suffered no discernable prejudice from the court's handling of the note (*see People v Mitchell,* 2 AD3d 145, 148 [2003]; *People v Hurtido,* 260 AD2d 401, 402 [1999]; *People v Beckham,* 174 AD2d 748, 750 [1991]).

The court properly denied the defendant's motion to set aside the verdict on the ground that the deliberative process was tainted by juror misconduct. Such motions are addressed to the sound discretion of the trial court, whose assessment of credibility will not be disturbed unless clearly erroneous (*see People v Scoon,* 303 AD2d 525, 526 [2003]; *People v Panzarino,* 131 AD2d 788 [1987]). Under the circumstances, we perceive no reason to disturb the trial court's determination that the defendant failed to meet his burden of proving by a preponderance of the evidence that a juror acted improperly (*see* CPL 330.30 [2]; 330.40 [2] [g]).

The fact that the defendant's attorney testified at the hearing in connection with the motion to set aside the verdict did not create an impermissible conflict of interest or constitute ineffective assistance of counsel. A defendant is denied the effective assistance of counsel if his attorney testifies against him on a significant issue, and the defendant is prejudiced as a result of such testimony (*see People v Lewis,* 2 NY3d 224, 228 [2004]; *People v Berroa,* 99 NY2d 134, 142 [2002]). Here, the issue upon which the defense attorney testified was not significant and largely corroborated the testimony of the defense witness (*see People v Baldi,* 54 NY2d 137, 148 [1981]; *see also People v Stokes,* 247 AD2d 919 [1998]). Prudenti, P.J., Crane, Skelos and Lifson, JJ., concur.