OPINION OF THE COURT
Frank J. LaBuda, J.
*813 The defendants, Theresa and Wayne Vandermeulen, are on trial, as husband and wife, for defrauding Theresa Vandermeulen’s 83-year-old and legally blind grandmother of more than $50,000 in violation of grand larceny in the second degree beginning in 2002 and continuing through May 2004 after the grandmother moved from Kisseemee, Florida, to Monticello, New York, to live with the defendants and their four minor children. It is further alleged that the defendants abused and misused a power of attorney, made unauthorized withdrawals from the grandmother’s checking and savings accounts (forgery in the second degree) and opened an unauthorized credit card account (identity theft in the third degree).
The prosecution seeks, by a written motion in limine, after jury selection and immediately prior to opening statements, an order precluding the defense from cross-examining and impeaching one of the People’s witness’s[1] credibility regarding the sexual abuse of a teenage boy, a student in a New Jersey public school, when the witness was employed there as a teacher. As a result of criminal allegations, the witness was arrested and charged with felonies for crimes stemming from a relationship the teacher (witness) initiated and fostered with a student at Public School No. 10 in September 2003. It is undisputed that a grand jury[2] returned a “no bill” of indictment. The witness had been suspended from his teaching position in September 2003 and apparently returned to work in May 2004. Nonetheless, the State of New Jersey’s Department of Human Services, Division of Youth and Family Services, Institutional Abuse Investigation Unit (IAIU) issued a written report and findings dated September 30, 2004. The report, in its pertinent part, made an “investigative finding” that “sexual abuse was substantiated and that no adjudicative findings have been made.”[3] However, in the IAIU evaluation of the facts, the results of the investigation indicated that the witness had sexual/genital contact with a student at school while noting that “his actions met the statutory requirements to find for sexual abuse.” The IAIU report also recommended that the witness be terminated from his position with the school district; that the report of findings be placed in the permanent file of the witness; and that the Department of Education act to revoke the witness’s teaching certifica *814 tion. The recommended administrative proceeding is still pending before the Department of Education in New Jersey.
A witness’s prior acts of moral turpitude may be admitted on the issue of the witness’s general credibility.
Scarcely necessary for repetition herein is that the instant inquiry regarding the sexual abuse of a student by a teacher goes to the witness’s disposition or willingness to place his self-interest ahead of principle and society as well as his honesty and integrity.
It is well recognized, and necessarily so, that a trial court has broad discretion vested in it to determine the extent of cross-examination it will allow, bearing on its commitment toward the interests of justice (see, regarding cross-examination of defendant, Badr v Hogan, 75 NY2d 629 [1990]; People v Schwartzman, 24 NY2d 241 [1969], cert denied 396 US 846 [1969]), and allowing a jury to fairly judge a witness’s credibility.
The difficult problem herein is the fact that notwithstanding that two separate incidents, which resulted in criminal charges were both dismissed,[4] there have been substantial administrative and civil actions taken by bona fide state agencies against the witness and there are still punitive civil actions pending by the State of New Jersey’s IAIU.
Thus, a vital distinction exists between the present case and People v Plaisted (2 AD3d 906 [3d Dept 2003]).
The Plaisted court found that the defense could cross-examine a prosecution witness (victim) concerning specific immoral, vicious or criminal acts if counsel could show that the charges were dismissed for some reason other than an acquittal or a dismissal on the merits. Since the defense did not show that the criminal charges were dismissed for reasons other than an acquittal or a dismissal on the merits, cross-examination as to these criminal charges was improper. (See, People v Plaisted, 2 AD3d 906, 908 [3d Dept 2003].)
In People v Stokes (247 AD2d 919 [1998]), the Appellate Division, Fourth Department, found that a witness who received a no bill from a grand jury could be cross-examined regarding his presence in a vehicle where cocaine was found because the no bill is not a final determination and, thus, not a dismissal on the merits.
*815 Nevertheless, this court need not decide what is or is not a dismissal on the merits because of the administrative sanctions and pending state investigations against the witness herein!
In the case at bar, two prior criminal charges against the witness were no billed and acquitted after trial, respectively. But, the witness also had administrative charges stemming from those same facts, which caused his suspension from his job, an on-going state attempt to remove him from his job and an investigation by a state agency into suspending or revoking his state issued license to practice his profession.
It is not unique to New York trial procedure that great latitude should be allowed for the accused in showing any fact which would tend to establish ill feeling, bias, motive or animus upon the part of a witness testifying against him. (Steve v State, 614 SW2d 137 [Tex 1981].)
Accordingly, the People’s motion in limine is granted, in part, to the extent that the defense will be precluded from cross-examining the prosecution witness regarding his arrest and prosecution for sexual abuse. The defense may, however, make limited inquiry into the facts surrounding the witness’s job suspension and pending administrative disciplinary proceedings with various state agencies because a good faith basis in fact exists for that inquiry and the acts of moral turpitude, which are the subject of his civil administrative sanctions imposed and the pending state investigation, are grave.

. The sole surviving son of the victim and defendant Theresa Vandermeulen’s uncle.

. In New Jersey.

. The IAIU’s review is solely investigative as per the report.

. One, by a no bill from a grand jury, and a second, by an acquittal from a petit jury.