■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBUR H. THOMPSON, JR., Appellant. [823 NYS2d 602]—

Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered January 13, 2005, upon a verdict convicting defendant of the crimes of assault in the second degree, assault in the third degree (two counts), reckless driving and leaving the scene of an incident without reporting, and the traffic offenses of failure to keep right, moving from lane unsafely, speeding (two counts) and crossing the double yellow line.

Based upon his involvement in a November 2003 multivehicle accident in the City of Schenectady, Schenectady County, defen-

dant was indicted and charged with numerous crimes and traffic offenses. Following a jury trial, defendant was convicted of assault in the second degree, assault in the third degree (two counts), reckless driving, leaving the scene of an incident without reporting, failure to keep right, moving from lane unsafely, speeding (two counts) and crossing the double yellow line. As a result, defendant was sentenced to an aggregate term of one year in jail. Defendant now appeals, claiming that the indictment impermissibly contained multiplicitous counts and that statements he made to police were admitted at trial in violation of his constitutional rights.

Initially, inasmuch as defendant did not move to dismiss the purportedly multiplicitous counts before County Court (*see* CPL 210.20 [1] [a]; 210.25 [1]; *see also* CPL 200.20 [1]), we conclude that defendant has failed to preserve that claim concerning the counts charging him with violations of Vehicle and Traffic Law § 1120 (a), § 1126 (a) and § 1128 (a) (*see People v Nailor*, 268 AD2d 695, 696 [2000]; *People v Morey*, 224 AD2d 730, 731 [1996], *lv denied* 87 NY2d 1022 [1996]). In any event, even assuming, arguendo, that defendant's claim has merit (*but see People v Kindlon*, 217 AD2d 793, 794-795 [1995], *lv denied* 86 NY2d 844 [1995]), his only remedy would be dismissal of the repetitive count or counts (*see e.g. People v Demetsenare*, 243 AD2d 777, 779-780 [1997], *lv denied* 91 NY2d 833 [1997]). Insofar as defendant received concurrent 15-day jail sentences on each conviction under the counts at issue, and inasmuch as each of these terms was effectively subsumed within the concurrent one-year jail terms imposed in connection with the more serious charges in the indictment, dismissal of the allegedly multiplicitous counts would have no practicable effect upon defendant's punishment. Accordingly, the exercise of our interest of justice jurisdiction is not warranted (*see People v Morey, supra* at 731; *see also People v Brandel*, 306 AD2d 860, 860-861 [2003]; *see generally* CPL 470.15 [3] [c]; [6] [a]).

We also conclude that defendant's statements to law enforcement were properly admitted at trial. Due to the injuries he suffered in the accident, defendant was airlifted to the hospital where, approximately two hours later, he was questioned by police. Prior to questioning, the police informed defendant of his *Miranda* rights and, according to the suppression hearing testimony of police officer Daniel Diamond, defendant waived said rights verbally, but was unable to sign a waiver due to an arm injury he suffered in the accident. According to Diamond, defendant was alert, conscious and joking at the time of the conversation. He was able to recall the events of the day and

inquired as to the condition of the other persons involved in the accident. Although defendant had apparently been administered a dose of morphine prior to speaking with the officers, the consistent testimony by Diamond and another officer concerning defendant's lucidity and coherence supports the suppression court's determination that defendant's statements were voluntary (*see People v Adams*, 31 AD3d 1063, 1065 [2006], *lv denied* 7 NY3d 845 [2006]; *People v Van Guilder*, 29 AD3d 1226, 1227-1228 [2006]; *People v Hughes*, 280 AD2d 694, 695 [2001], *lv denied* 96 NY2d 801 [2001]).

Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.