■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. DIEHL, Appellant. [6 NYS3d 899]—

Appeal from a judgment of the Lewis County Court (Donald E. Todd, A.J.), rendered December 4, 2013. The judgment

convicted defendant, upon a nonjury verdict, of attempted grand larceny in the third degree, offering a false instrument for filing in the first degree and official misconduct.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, attempted grand larceny in the third degree (Penal Law §§ 110.00, 155.35). Contrary to defendant's contention, County Court did not abuse its discretion in allowing the People to reopen their proof to properly identify defendant (*see* CPL 260.30 [7]). Although defendant is correct that the People initially failed to ask their witnesses on direct examination to identify defendant, the identity of defendant was " 'simple to prove and not hotly contested' " (*People v Whipple*, 97 NY2d 1, 7 [2001]).

By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Brown*, 120 AD3d 1545, 1546 [2014], *lv denied* 24 NY3d 1082 [2014]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The court "was entitled to reject defendant's version of the events 'and, upon our review of the record, we cannot say that the court failed to give the evidence the weight that it should be accorded' " (*People v McCoy*, 100 AD3d 1422, 1422 [2012]). Present—Centra, J.P., Peradotto, Carni, Lindley and DeJoseph, JJ.