## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 21, 2016                    107111
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ERIC J. SIMMONS,
                    Appellant.
_____


Calendar Date:   November 23, 2015

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.

                        _____


        Robert Gregor, Lake George, for appellant.

        Karen Heggen, District Attorney, Ballston Spa (Kristin T.
Foust of counsel), for respondent.

                        _____


Devine, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered August 26, 2014, convicting
defendant following a nonjury trial of the crimes of criminal
sexual act in the first degree, sexual abuse in the first degree,
assault in the second degree, assault in the third degree and
criminal obstruction of breathing or blood circulation.

        Following an incident wherein he physically and sexually
assaulted the victim, defendant was charged in a September 2011
felony complaint with attempted criminal sexual act in the first
degree.  He fled the state shortly after the incident and, in
October 2013, was charged in an indictment with criminal sexual
act in the first degree, sexual abuse in the first degree,
assault in the second degree, assault in the third degree and

criminal obstruction of breathing or blood circulation.
Defendant was apprehended in November 2013 and returned to New
York to face the pending charges against him. County Court
denied that part of defendant's omnibus motion seeking dismissal
of the indictment on statutory speedy trial grounds. Defendant
then waived his right to a jury trial and, after a bench trial,
was found guilty as charged. County Court imposed an aggregate
prison sentence of 12 years, to be followed by postrelease
supervision of 20 years, and defendant now appeals.

We affirm. Defendant first asserts that County Court erred
in denying his application to dismiss the indictment on speedy
trial grounds without a hearing (see CPL 30.30, 210.45).
Defendant supported that motion with the affidavit of his
attorney, who correctly pointed out that over six months had
elapsed between the filing of the felony complaint in September
2011 and the declaration by the People that they were ready for
trial (see CPL 1.20 [1], [17]; 30.30 [1] [a]). A defendant
seeking a speedy trial dismissal meets his or her initial burden
on the motion by making "sworn allegations that there has been
unexcused delay in excess of the statutory maximum" (People v
Santos, 68 NY2d 859, 861 [1986] [emphasis added]; see CPL 30.30
[4]; People v Lomax, 50 NY2d 351, 357 [1980]). Defendant failed
"to come forward with 'sworn allegations supporting all the
essential facts,'" making nothing beyond a conclusory assertion
that the delay was in any way attributable to the People (People
v Blair, 148 AD2d 767, 767 [1989], lv denied 74 NY2d 661 [1989],
quoting CPL 210.45 [5] [b]; see People v Lomax, 50 NY2d at 357).
County Court was accordingly free to deny his motion to dismiss
without a hearing.

Defendant next contends that the conviction for criminal
sexual act in the first degree was not supported by legally
sufficient evidence and was against the weight of the evidence.
He admittedly failed to renew his motion to dismiss the count in
the indictment charging him with criminal sexual act in the first
degree at the close of his proof and, as such, his challenge to
the legal sufficiency of the evidence is unpreserved (see People
v Diehl, 128 AD3d 1409, 1410 [2015]; People v Race, 78 AD3d 1217,
1219 [2010], lv denied 16 NY3d 835 [2011]). That being said,
"since defendant also argues that the verdict was against the

weight of the evidence, which does not require preservation, 'we will consider the evidence adduced as to each of the elements of the challenged crime[] in the context of that review'" (People v Race, 78 AD3d at 1219, quoting People v Vargas, 72 AD3d 1114, 1116 [2010], lv denied 15 NY3d 758 [2010]). Assuming without deciding that an acquittal was a reasonable possibility, that analysis obliges us to independently "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" in that review, and endeavor to determine "whether [County Court] was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348 [2007]; see People v Lane, 7 NY3d 888, 890 [2006]).

"A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct . . . with another person . . . [b]y forcible compulsion" (Penal Law § 130.50 [1]; see People v Lancaster, 121 AD3d 1301, 1302 [2014], lv denied 24 NY3d 1121 [2015]). Defendant asserts that he did not succeed in placing his penis inside the victim's mouth and that, as a result, the requisite oral sexual conduct did not occur. The events at issue occurred at the end of an evening wherein defendant had been drinking at a bar where the victim was working. After the establishment closed and his taxi had not yet arrived, the victim offered to give defendant a ride home. When they arrived at the destination, defendant grabbed the victim and pulled her out of the vehicle. He then pinned the victim to the ground and, while she initially told investigators that defendant attempted to force his penis into her mouth, she unequivocally testified at trial that he succeeded in doing so. The victim eventually escaped and went to the home of a friend, where she summoned the authorities. After making a statement to investigators, she went to a hospital and was assessed by a sexual assault nurse examiner, who took swabs from the victim's mouth that ultimately tested positive for the presence of male DNA. While some evidence therefore suggested that the requisite "contact between the mouth and the penis" had not occurred (Penal Law § 130.00 [2] [a]; see Penal Law § 130.50 [1]), we cannot say, after deferring to County Court's "opportunity to view the witnesses, hear the testimony and observe demeanor," that the conviction for criminal sexual act in the first degree was

against the weight of the evidence (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Desmond, 118 AD3d 1131, 1133 [2014], lv denied 24 NY3d 1002 [2014]).

Defendant failed to preserve for our review his further argument that counts three and four in the indictment – which charged him with assault in the second degree and assault in the third degree, respectively – were multiplicitous (see People v Blount, 129 AD3d 1303, 1304 [2015]; People v Thompson, 34 AD3d 931, 932 [2006], lv denied 7 NY3d 929 [2006]).  Even if that argument had any merit, we would decline to take corrective action in the interest of justice and dismiss the allegedly multiplicitous counts, as the sentences imposed upon them were "effectively subsumed within the" longer concurrent sentence imposed on the more serious charge of criminal sexual act in the first degree (People v Thompson, 34 AD3d at 932; see People v Vargas, 72 AD3d 1114, 1120 [2010], lv denied 15 NY3d 758 [2010]).

Defendant lastly contends that defense counsel was ineffective in various respects.  He complains that defense counsel declined a proffered adjournment so that defendant could consider a plea offer, but a failure to obtain more time for him to consider an offer that he had already rejected, without more, was not ineffective assistance.  Defendant further points out that defense counsel focused upon the charge of criminal sexual act in the first degree to the exclusion of the other counts, but "an attorney is not required to argue factual innocence at the expense of a stronger defense" (People v Baldi, 54 NY2d 137, 148 [1981]; accord People v Plaisted, 2 AD3d 906, 909-910 [2003], lv denied 2 NY3d 744 [2004]).  The evidence presented by the People at trial – which documented the events leading up to the attack, as well as the condition of the victim after it, and revealed that investigators recovered numerous items of her personal property from the crime scene that corroborated her claim of a violent attack – left little doubt that defendant had sexually assaulted the victim.  Defense counsel accordingly pursued a valid, if ultimately unsuccessful, trial strategy of assailing the credibility of the victim with her prior statements and arguing that defendant had not committed the top count in the indictment (see People v Parch, 59 NY2d 844, 845 [1983]; People v Plaisted, 2 AD3d at 910).  Defendant grouses about the

performance of defense counsel in other respects, but we are satisfied that, when "viewed in totality and as of the time of the representation," he received meaningful representation (People v Baldi, 54 NY2d at 147; see People v Heidgen, 22 NY3d 259, 278-279 [2013]).

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court